**SHELBY COUNTY DEPUTY SHERIFFS' ASSOCIATION; C.D. Booker, Plaintiffs–Appellants,**

v.

**A.C. GILLESS, Jr, Sheriff, Defendant–Appellee.**

No. 02–5451.

United States Court of Appeals, Sixth Circuit.

May 19, 2003.

Before: SUHRHEINRICH and COLE, Circuit Judges; and CARR, District Judge.[*]

## ORDER

The Shelby County, Tennessee, Deputy Sheriffs' Association and its president, Sergeant C.D. Booker, (hereinafter referred to as simply the "Association") appeal a district court judgment dismissing their civil rights action filed pursuant to 28 U.S.C. § 1331. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, the Association sued the county sheriff, A.C. Gilless, for allegedly violating the rights of full-time Shelby County deputy sheriffs under the First, Ninth, and Fourteenth Amendments. The dispute concerns the off-duty uniform rules which the Association asserts treat full-time and reserve deputy sheriffs in a different manner. The sheriff's department's policies forbid full-time and reserve deputy sheriffs from participating in off-duty work while wearing their uniforms. Nothwithstanding, the sheriff's department has allowed reserve deputy sheriffs to wear their uniforms while performing off-duty work at two churches in Shelby County. The Association asserts that, in contrast to the reserve deputy sheriffs who work at the churches, full-time deputy sheriffs are forbidden from performing off-duty work in uniform, except under special circumstances. The Association claims the policy toward the off-duty reserve deputy sheriffs is economically detrimental to full-time deputy sheriffs because uniformed off-duty officers are paid more for their services. The district court granted summary judgment to Gilless.

This court reviews the district court's grant of the defendant's motion for summary judgment as a matter of law de novo, applying the same standard that the district court applied. The court should grant the motion only if "in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir.2001).

■ On appeal, the Association contends that deputy sheriffs have a First Amendment right to wear their uniforms, especially in cases where the sheriff otherwise allows deputies to wear their uni-

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

862

forms off-duty. This argument must be rejected.

In *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), the Supreme Court established the test for determining the limits that may be placed on the speech rights of government employees. *Pickering* held that the First Amendment protects the rights of public employees "as citizens to comment on matters of public concern" in connection with the operation of the government agencies for which they work. *Id.* at 568. The Supreme Court recognized, however, that the government has legitimate interests in regulating the speech of its employees that differ significantly from its interests in regulating the speech of the general population. *Id.* Accordingly, the Court held that the scope of a public employee's First Amendment rights must be determined by balancing the "interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.; see also Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). First, the employee must establish that his speech involves a matter of public concern. *Coughlin v. Lee*, 946 F.2d 1152, 1156 (5th Cir.1991). Whether speech addresses a matter of public concern is to be "determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147–48. This determination is a question of law to be resolved by the court. *Id.* at 148 n. 7. If the speech at issue involves a matter of public concern, and is thus protected by the First Amendment, the government then must show that its interest in promoting the efficiency of the services provided by its employees outweighs the employee's interest in engaging in the protected speech. *Id.* at 150; *see also Ran-*

*kin v. McPherson*, 483 U.S. 378, 388–89, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987).

The Supreme Court has given deference to military uniform regulations when a public employee's First Amendment rights were at issue. In *Goldman v. Weinberger*, 475 U.S. 503, 106 S.Ct. 1310, 89 L.Ed.2d 478 (1986), the Supreme Court held that the Air Force policy prohibiting an officer from wearing head gear while on duty was not a violation of the officer's First Amendment rights. The officer challenging the regulation was an Orthodox Jew who wanted to wear a yarmulke. The Court held that, when challenged on First Amendment grounds, its review of military regulations is much more deferential than its review of civil laws and regulations: "The military need not encourage debate or tolerate protest to the extent that such tolerance is required of the civilian state by the First Amendment; to accomplish its mission the military must foster instinctive obedience, unity, commitment, and esprit de corps." *Id.* at 507, 106 S.Ct. 1310. In *Kelley v. Johnson*, 425 U.S. 238, 247, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), the Court held that a law enforcement agency's "[c]hoice of organization, dress, and equipment for law enforcement personnel is a decision entitled to the same sort of presumption of legislative validity as are state choices designed to promote other aims within the cognizance of the State's police power."

The Association has failed to establish that the wearing of the sheriff's uniform in this case implicates speech of public concern. The Association is primarily challenging the uniform rules so that full-time sheriff's deputies can be paid more for their off-duty work, not to address matters of public concern. In short, the dispute is simply economic. As the sheriff's department's uniform regulations are entitled to the presumption of legislative validity, *id.*,

and the Association has not shown that the uniform regulation, as applied, involves the expression of protected speech, Gilless was entitled to summary judgment as a matter of law.

■ The Association also contends that the regulation creates a classification system between the officers which violates the Equal Protection Clause of the Fourteenth Amendment. When a law apportions benefits or burdens on the basis of the classification among citizens, it will be subject to strict scrutiny if the classification involves a suspect class or affects a fundamental right. *City of Cleburne, Tx. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). If the classification involves a quasi-suspect class, such as gender or illegitimacy, it will be subject to an intermediate level of scrutiny requiring that the law substantially furthers a legitimate state interest. *See Craig v. Boren*, 429 U.S. 190, 199–204, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Mathews v. Lucas*, 427 U.S. 495, 505–06, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976). If the classification does not involve a suspect or quasi-suspect classification or affect a fundamental right, it will be reviewed to determine whether it is rationally related to any conceivable legitimate state interest. *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Under the rational basis standard "a legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data." *Id.*

There is no fundamental constitutional right involved here because the Association's First Amendment rights have not been abridged. Furthermore, the status of being a public employee has never been deemed to be either a suspect or quasi-suspect classification. Therefore, the equal protection challenge to the uniform regulation must be evaluated under the rational basis standard. *See Toledo Area AFL–CIO Council v. Pizza*, 154 F.3d 307, 322 (6th Cir.1998). The sheriff's department uniform regulation pertaining to off-duty work has a rational basis in controlling when the deputies can be seen in uniform. As the court does not act as a factfinder in these circumstances, it cannot be said that the regulation is not a legitimate and rational concern sufficient to defeat the Association's equal protection claim. *Id.*

Accordingly, we affirm the district court's judgment.